OPINION
This appeal is taken by Defendant-Appellant David Shelton from the judgment entered by the Van Wert Municipal Court finding Shelton guilty of failing to confine or restrain his dog and failing to securely confine on his premises a vicious or dangerous dog.
On April 28, 2000, Florence Worthington (hereinafter "Worthington") was playing with her two-year old granddaughter in her front yard. Just behind her home and across the street, Michael Scott Davis (hereinafter "Davis"), a tenant in the home of Appellant David Shelton (hereinafter "Shelton") was sleeping in his upstairs bedroom. While Davis slept Kelly Sargent, a former tenant, entered the home unannounced and proceeded up the stairs to awake Davis and demand the return of some of his possessions that he had left in Shelton's home. Davis awoke and refused the demand.
While Davis and Sargent were arguing, a third individual, Jennifer Stoller (hereinafter "Stoller") entered Shelton's residence. Upon entering, Stoller accidentally released two of Shelton's dogs from the home. The two dogs that escaped were Angel and Buster, a Rotweiller, Pit bull mixed breed and a Sharpe, Labrador mixed breed.[1] Davis immediately dashed from the residence to chase the animals.
Worthington continued to play with her granddaughter when without warning two dogs appeared in her yard. Both were growling and barking. Worthington grabbed her granddaughter and attempted to retreat to her home. While retreating, Worthington's husband came from their home to help his wife and Davis appeared in the Worthington's yard to retrieve the stray dogs. When Davis arrived in the Worthington's yard only one dog remained, the other dog had run across the street. Davis testified that Worthington appeared "hysterical" and Worthington herself testified that she was "frightened".
The Dog Warden arrived at Shelton's home shortly after Davis returned with the dogs. The Dog Warden filed an affidavit and complaint alleging that both dogs were "running loose in the 400 block of N. Chesnut St., in the City of Van Wert, and caused a person to believe that they were going to be attacked by the menacing fashion" in which they approached. A warrant for Shelton's arrest was issued.
On May 8, 2000, Shelton appeared in court and pleaded not guilty to two counts of failing to securely confine his dogs on his premises, a violation of R.C. § 955.22 (D)(1).[2] After a short trial, the Van Wert Municipal Court entered judgment on both counts finding Shelton guilty of one count of failing to securely confine his dog in violation of R.C. § 955.22(D)(1) and a lesser count of allowing a dog to run at large, a violation of R.C. § 955.22 (C). Mr. Shelton was fined a total of two hundred twenty-five dollars ($225) and placed on probation for a period of two (2) years.
On appeal from that judgment Shelton presents the following two assignments of error:
 Whether R.C. § 955.22 is facially unconstitutional in violation of the Firth and Fourteenth Amendments to the United States Constitution and Article I, Section 1 of the Ohio Constitution.
 Whether R.C. § 955.22 was unconstitutionally applied to defendant-appellant in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 1 of the Ohio Constitution and R.C. § 2901.21.
In his first and second assignments of error Shelton argues that R.C. § 955.22 is unconstitutional on its face and as applied to him because it violates the protections afforded him by the Fifth andFourteenth Amendments to the United States Constitution and Article I, Section 1 of the Ohio Constitution. At the outset we observe that statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed constitutional and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."State v. Cook (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570 citing Stateex re. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 128 N.E.2d 59. As a result, the examination begins with a strong presumption that R.C. § 955.22 is constitutional.
We shall address the Fifth and Fourteenth Amendments to the United States Constitution in conjunction with Article I, Section 1 of the Ohio Constitution.
The rights afforded by the aforementioned provisions may not be abrogated except upon a valid exercise by the legislature of its police power. "It is well-established that private property is subject to the general police power of a state and may be regulated pursuant to that power." State v. Anderson (1991), 57 Ohio St.3d 168,169, 566 N.E.2d 1224,1225 citing Porter v. Oberlin (1965), 1 Ohio St.2d 143, 205 N.E.2d 363. Furthermore, the Supreme Court has recognized that "police power regulations are upheld although they may interfere with the enjoyment of liberty or the acquisition, possession and production of private property." Id. at 170 However, the police powers must be exercised within the parameters set by Constitution as recognized by the Supreme Court of Ohio in Benjamin v. Columbus (1957), 167 Ohio St. 103, paragraph five of the syllabus, when it held "an exercise of the police power having such effect will be valid if it bears a real and substantial relation to public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary."
Some of those regulations which have been upheld as legitimate exercises of a state's police power are those pertaining to canines. Seegenerally State v. Anderson (1991), 57 Ohio St.3d 168; Sentell v. NewOrleans Carrollton RR.Co. (1897), 166 U.S. 698, 17 S.Ct. 693,41 L.Ed. 1169.
Shelton argues that R.C. § 955.22 is unconstitutional because it punishes him for the conduct of another and as a strict liability statute fails to require scienter as an element of the crime. Specifically, he argues that it is unconstitutional because in his case, someone other than himself let his dogs out of his home and therefore, he is being punished for the acts of another. These arguments fail to overcome the presumption of constitutionality afforded the statute.
The Supreme Court of Ohio has stated, "as a result of breeding, training, and abuse, there are dogs that pose a grave threat to human health and safety. In response the U.S. Supreme Court has recognized that the state retains great power to regulate and control the ownership of dogs." Anderson at 170. Specifically, with respect to the State's right to regulate violent or dangerous dogs within it broad police power the Supreme Court of Ohio has stated:
 In recent years, this power has been used to control a dog which poses a special danger to the public. During the past ten years, there has been a dramatic rise in the number of fatalities and severe maulings cause by pit bull dogs. Unlike dogs who bite or attack merely to protect a person or his property and then retreat once the danger has passed, pit bulls besiege their victims relentlessly, until severe injury or death results. In response, lawmakers in states and cities across the country have enacted legislation regulating pit bull dog ownership. See Note, The New Breed of Municipal Dog Control Laws: Are They Constitutional? (1984), 53 U.Cin.L.Rev. 1067. These laws range from statutes which ban pit bull ownership outright to statutes which permit ownership, but require owners to confine their dogs in particular ways.
In light of these foregoing principles. We find that R.C. 955.22 was enacted within the duly authorized police powers granted to the State. Furthermore, Shelton has failed to present any evidence to overcome the presumption of constitutionality given to legislative enactments or show that facts exist that if applied render R.C. § 955.22
unconstitutional as applied to him.
No error having been shown, Shelton's assignments of error areoverruled and the judgment of the Van Wert Municipal Court is affirmed.
HADLEY, P.J. and WALTERS, J., concur.
[1] The affidavits filed by the Dog Warden, Keith A. Collins describe the dog breeds but do not declare which dog is which breed.
[2] The counts were never consolidated in the Van Wert Municipal Court. They remained designated by separate case numbers. On appeal they have been consolidated for briefs and argument.